IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 NOV 15 AM 10: 31
U.S. D[...]
N.D. O[...]

ELAINE W. IVEY,                )
                               )
        Plaintiff,             )
                               )
vs.                            )   CIVIL ACTION NO. 00-RRA-1226-S
                               )
HEALTH PARTNERS OF             )
ALABAMA, INC.,                 )
                               )
        Defendant.             )

ENTERED
NOV 15 2001

## MEMORANDUM OPINION

Before the court are the following motions: the defendant's motion to strike jury demand (ct. doc. 5); the defendant's motion to strike state law claims (ct. doc. 6); the defendant's motion for summary judgment (ct. doc. 12); the plaintiff's motion to amend complaint (ct. doc. 17); and the plaintiff's motion for extension of time (ct. doc. 18).

In her complaint, the plaintiff states that she was covered under a group health care plan and that the defendant was her health maintenance (HMO) provider. The complaint alleges that on April 27, 1998, ultrasound revealed a condition which required surgery. On an unspecified date, the plaintiff's physician requested the defendant's approval for a hysterectomy. The defendant denied the request. On May 1, 1998, the defendant again



denied coverage for such surgery. On May 22, 1998, the physician once more requested approval for a hysterectomy, and sent the defendant a letter. The plaintiff states:

> Plaintiff's surgery was ultimately approved by defendant on June 3, 1998 after plaintiff sent Health Partners necessary lab work to review. Prior to Plaintiff, who is a registered nurse, sending the lab work Health Partners had denied the request for hysterectomy with no documentation to support its denial.

*Complaint*, ¶ 9. Surgery was performed on June 24, 1998. On October 13, 1998, the plaintiff underwent abdominal wall reconstructive surgery. She had additional surgery on November 2, 1998, and left the hospital on November 10, 1998.

In Count One, the plaintiff claims that the defendant breached their contract "by refusing to approve [the plaintiff's] request for a hysterectomy, such refusal not being based on any known medical information." *Complaint*, ¶ 14. In the only other count, Count Two, the plaintiff asserts a negligence action. She claims that the defendant was negligent in failing to authorize surgery when it was first requested on or about May 1, 1998, and that the defendant's refusal to approval the surgery "resulted in numerous medical complications to the plaintiff, including an 8 day hospitalization in November, 1998." *Complaint*, ¶ 17. The plaintiff demands compensatory and punitive damages.

Construing Count One and Count Two as state law claims, the defendant filed a motion to strike the jury demand and a motion to strike the plaintiff's state law claims.

2

The defendant contends that the state law claims alleged in the plaintiff's complaint should be dismissed "on the ground that the health benefit plan at issue in this case qualifies as an Employment Welfare Plan under the Employee Retirement Security Act of 1974 (ERISA), 29 U.S. Code §1001, et seq." *Defendant's Motion to Strike State Law Claims*. The defendant states that state law claims relating to an employee welfare benefit plan which are subject to ERISA are preempted by the ERISA statutory scheme. The defendant further states that a jury trial is not available in ERISA actions.

In response, the plaintiff filed an amended complaint (ct. doc. 10). In the amended complaint, the plaintiff pled an additional count, Count Three, which alleges a ERISA claim. As relief, the plaintiff seeks recovery of benefits due her under the plan; an injunction forbidding the defendant from refusing to approve surgery when such refusal is not based on any medical information; and "equitable relief to address such violations under the Act." *Amended Complaint*, ¶ 6.

The defendant then filed a motion for summary judgement, asserting ERISA's preemption of state law claims and that the plaintiff, under the facts of this case, cannot recover under ERISA. The defendant contends that the plaintiff has received her benefits under the plan; that is, the plaintiff's medical claims have been paid. As to injunctive

relief, the defendant states that "the defendant has set criteria for a total hysterectomy which must first be met before it can approve the request. Once the defendant was provided with the medical information meeting the necessary criteria, the Defendant was able and did approve the Plaintiff's request for a total hysterectomy." *Defendant's Motion for Summary Judgment*, pg. 7. In support of this statement, the defendant has submitted the affidavit of Angie Neal, the Manager of Consumer Affairs for The Oath — A Health Plan for Alabama, Inc., formerly known as Health Partners of Alabama, Inc., and other documents. The plaintiff has not asserted that her request for approval of a hysterectomy was not handled according to established procedure. The plaintiff has not contested the Neal affidavit in any manner. The plaintiff has submitted no evidence.

Concerning equitable relief, the defendant, citing *Eaton v. Blue Cross and Blue Shield of Alabama*, 681 F. Supp. 759 (S.D. Ala. 1988), states that ERISA does not provide for punitive damages or for compensatory damages for items such as inconvenience, worry, or emotional distress, the kinds of damages the plaintiff specified in her breach of contract and negligence claims set out in Counts One and Two in the original complaint.

On March 20, 2001, the court granted the plaintiff's March 19, 2001 request for an

4

additional two weeks to file her response to the summary judgment motion. On April 2, 2001, the plaintiff filed her response:

> Plaintiff cannot present by affidavit facts essential to justify her opposition to the motion because plaintiff has not been able to depose the defendant or discover the plan under which plaintiff was insured.
> Plaintiff has been unable to respond by affidavit because discovery has not been completed by plaintiff even though discovery was to have been completed by this time."

*Response to Motion for Summary Judgment* (ct. doc. 16).

On April 3, 2001, the plaintiff filed a motion for more time to respond to the summary judgment motion and to amend the complaint, stating that she "has recently learned that her health insurance plan might not be one covered under ERISA, but rather one which enables her to allege state law claims." *Motion to Amend Complaint* (ct. doc. 17). In this motion to amend her complaint for the second time, the plaintiff further states that she will need time to discover whether this is a ERISA plan. The defendant opposes this motion, stating that the plaintiff had ample time to conduct discovery within the time provided in the scheduling order (ct. doc. 19).

The plaintiff admits that she cannot point to evidence sufficient to defeat the defendant's motion for summary judgment. In order to be able to do so, she states that she needs further discovery. However, she does not state any reason for not conducting

5

discovery within the time period provided for discovery. Moreover, the only discovery she identifies as needing is that which would determine whether her health insurance plan was subject to ERISA. Certainly the plaintiff should have been able to learn the facts concerning this question rather easily, and probably with little, if any, need for discovery.[1] The April 3, 2001 motion to amend the complaint was filed well beyond November of 2000, the time provided by the scheduling order for filing amendments. If the plan in question is subject to ERISA, which it apparently is, the defendant's motion for due summary judgment is due to be granted. If the plan is not subject to ERISA and therefore state law applies, there is no evidence that the defendant breached the terms of the insurance contract.[2]

Wherefore, the plaintiff's motion for an extension of time and her motion to amend her complaint are due to be denied. The defendant's motion for summary judgment is due to be granted as to either state law or ERISA claims. The defendant's motions to strike state law claims and the plaintiff's jury demand are due to be denied as

---

[1] The plaintiff does not explain why or what deposition she needed to enable her to file an affidavit the contents of which have not been proferred.

[2] As the plaintiff has alleged in effect that time was of the essence, it is merely noted that within a month of the ultrasound the defendant gave its okay to proceed with the operation. The operation was not performed until three weeks after the defendant's approval.

moot. An appropriate order will be entered.

    DONE this _14th_ day of November, 2001.

                                                /s/ Robert R. Armstrong  
                                                ROBERT R. ARMSTRONG, JR.  
                                                United States Magistrate Judge